UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Civil Case No.:

MODESTA SANTAMARIA,

   *Plaintiff,*

v.

AMERICA'S SERVICE LINE, LLC,
and DONALD A. WATTERS,

   *Defendants*.

_____/

### **DEFENDANTS NOTICE OF REMOVAL OF FLORIDA STATE COURT LITIGATION PURSUANT TO 28 U.S.C. §§ 1441 (b) & 1446(a)**

COME NOW, Defendants, AMERICA'S SERVICE LINE, LLC ("ASL") and DONALD WATTERS, and in support of this *Notice* state as follows:

1. Pursuant to 28 U.S.C. §§ 1441(b) & 1446(a), Defendants, ASL and Mr. Watters, by and through undersigned counsel, hereby file and serve this *Notice of Removal* of the state civil action entitled MODESTA SANTAMARIA v. AMERICA'S SERVICE LINE, LLC and DONALD A. WATTERS, Case No. 2022-010731-CA-01, and filed June 10, 2022, in the Circuit Court for the Eleventh Judicial Circuit of Florida in and for Miami-Dade County, to the United States District Court of the Southern District, Miami Division. *See* Complaint for Damages attached hereto as ***Exhibit 1***.

2. This action is a civil action in which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(b). *Goodwin v. Reynolds*, 757 F.3d 1216, 1220-21 (11th Cir. 2014).

3. The Plaintiff is a citizen and resident of Florida, presently and at the time of the filing of this action.

4. ASL is a citizen of Delaware and is not a citizen of Florida, and its principal place of business is in the State of Wisconsin. ASL is a subsidiary of Rosen's Diversified, a citizen of Wisconsin and not of Florida, prior, to, and during the initial filing of the underlying claim.

5. Donald Watters was served on June 30, 2022. *See* Return of Service on Mr. Watters, attached hereto as **Exhibit 2**. He is a citizen of Michigan and is not a citizen of Florida.

6. Based upon these facts, there is complete diversity between Plaintiff and properly joined and served Defendants, ASL and Mr. Watters.

7. The amount in controversy exceeds the sum of $75,000. On her Civil Cover Sheet, Plaintiff avers that the amount of her claim is in excess of $100,000. *See* Civil Cover Sheet attached hereto as **Exhibit 3**. Further, in a letter to the Defendant, the Plaintiff, through her counsel, made a demand to settle for $300,000. *See* Demand Letter attached as **Exhibit 4**. The $300,000 demand was based on medical bills totaling $84,113.92, allegedly incurred as a result of the accident. *Id*. The Plaintiff's complaint seeks damages in excess of $30,000.00 but the case law shows that "[t]he mere fact that the plaintiff's complaint is silent [or is unclear as] as to some fact necessary to establish federal jurisdiction, such as the amount in controversy, does not preclude removal of the case by defendant." *Woolard v. Heyer-Schulte*, 791 F. Supp. 294, 296 (S.D. Fla. 1992), citing *Wright v. Continental Casualty Co.*, 456 F. Supp. 1075, 1078 (M.D. Fla. 1978). A district court may look to the notice of removal to make an independent evaluation of the monetary value of the claims asserted, *Lewis v. AT&T Corp.*, 898 F. Supp. 907, 909 (S.D. Fla. 1995); *Shear Healthcare Resources, Inc. v. TNI Inc.*, 1994 WL 383936, 2 (M.D. Fla. 1994). In this case, the medical bills were in excess of $75,000 and the Plaintiff underwent multiple epidural steroid injections to her

lumbar spine and an invasive right knee arthroscopy after the event that forms the basis for this action. Accordingly, this case is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441. The Civil Cover Sheet, demand letter, and medical bills are sufficient "other paper" to demonstrate amount in controversy in excess of the $75,000 threshold. 28 U.S.C. § 1446(b)(3). Accordingly, this case is one which may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. §1441.

8. ASL first became aware that this case was removable when served with the lawsuit on June 23, 2022. Therefore, this action to remove is timely. *See* Return of Service on ASL, attached as ***Exhibit 5***.

9. Defendant ASL and Defendant Mr. Watters consent to this removal action.

10. Defendants have taken no affirmative actions to avail themselves of the jurisdiction of the state courts, and have not waived their rights to removal.

11. As required by 28 U.S.C. §1446(a), attached are copies of all process, pleadings, motions, orders, and other papers served upon Defendants and/or filed in the state court action, labeled as composite ***Exhibit 6***, which includes:

    a) Docket Sheet,

    b) Civil Cover Sheet,

    c) Complaint,

    d) Notice designating E-mail address,

    e) Interrogatories to Defendant Watters,

    f) Interrogatories to Defendant ASL,

    g) Request to Produce to Defendant Watters,

    h) Request to Produce to Defendant ASL,

   i) Plaintiff's Request for Admissions to Defendant Watters,

   j) Plaintiff's Request for Admissions to Defendant ASL,

   k) Summons to be Issued to Defendant ASL,

   l) Summons to be Issued to Defendant Watters,

   m) Summons Issued to Defendant ASL,

   n) Summons Issued to Defendant Watters,

   o) Verified Return of Service upon ASL, and

   p) Verified Return of Service upon Mr. Watters.

  12. To determine the citizenship of the limited liability company Defendant ASL, following the guidelines prescribed by 28 U.S.C. §1332 (c)(1)(A-C), *see* attached composite **Exhibit 7**, which sets forth Defendant ASL's place of formation and principal place of business through the following:

   a) ASL's certificate of good standing within the state of Delaware.

   b) Information as to ASL's principal place of business located in Wisconsin, as found in the Federal Motor Carrier Safety Administration's Safety and Fitness Electronic Records System (SAFER).

  13. Defendants AMERICA'S SERVICE LINE, LLC and DONALD WATTERS, reserve the right to amend or supplement this *Notice of Removal* with information and additional bases for removal that may come to light upon further investigation.

Dated: July 13, 2022.       Respectfully Submitted,

                BY: */s/Stephen Byrnes*
                **EDWARD R. NICKLAUS, ESQ.**
                Florida Bar No.: 138399
                edwardn@nicklauslaw.com
                **STEPHEN P. BYRNES, ESQ.**
                Florida Bar No.: 1002374

stephenb@nicklauslaw.com
**NICKLAUS & ASSOCIATES, P.A.**
4651 Ponce de Leon Blvd., Suite 200
Coral Gables, Florida 33146
Telephone: 305-460-9888
Facsimile:  305-460-9889
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served per Rule 5 of the Federal Rules of Civil Procedure and all other applicable Federal Rules of Civil Procedure, via the CM/ECF system, on July 13, 2022, on all counsel or parties on the Service List below.

BY:  /s/Stephen Byrnes
**EDWARD R. NICKLAUS, ESQ.**
Florida Bar No.: 138399
edwardn@nicklauslaw.com
**STEPHEN P. BYRNES, ESQ.**
Florida Bar No.: 1002374
stephenb@nicklauslaw.com

## SERVICE LIST

Kyle A. Quintanta, Esq.
**Simon Trial Firm**
2601 South Bayshore Drive, Suite 100
Miami, Florida 33133
Tel.: (305) 375-6500
Fax: (305) 375-0388
pleadings@simon-trial.com
*Attorneys for the Plaintiff*